**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMAL DIMIATI,
A96-024-501,**

    **Petitioner,**

vs.                        **Case No. 4:07cv362-SPM/WCS**

**MICHAEL B. MUKASEY, et al.,**

    **Respondents.**

_____/

**REPORT AND RECOMMENDATION**

This case was initiated on August 20, 2007, doc. 1, with the filing of a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Service was directed in September, 2007, doc. 3, and Respondents filed a response to the petition on November 13, 2007. Doc. 8. Petitioner filed a reply to the response on November 27, 2007. Doc. 9. Thereafter, Petitioner filed two notices of change of address indicating he had been transferred to Krome Detention Center in mid-January, 2008, doc. 10, and then to Glades County Jail in Moore Haven, Florida, at the end of January, 2008. Doc. 11.

There was an inevitable period of delay in ruling on the petition, and before addressing the merits in June, 2008, an order was entered directing the parties to

provide a status update and advise whether Petitioner was still in custody, had been removed, or had been released.  Doc. 12.  Respondents filed a response to the order on June 18, 2008, and stated that the relief requested by Petition had been granted.  Doc. 13.  Petitioner was removed to Lebanon on March 3, 2008.  *Id.*  Respondents, thus, contend the case is moot.

This § 2241 petition sought relief under Zadvydas v. Davis, 533 U.S. 678 (2001).  As Petitioner is no longer in detention, there is nothing left for this Court to remedy.  The petition should be dismissed as moot.

In light of the uncontested assertion by Respondents, it is respectfully **RECOMMENDED** that the § 2241 petition filed by Petitioner Jamal Dimiati be **DISMISSED as moot** since he has been removed from the United States.

**IN CHAMBERS** at Tallahassee, Florida, on June 20, 2008.


 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**